# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**BRENDON KEITH RETZ**,<br><br>Debtor. | Case No. **04-60302-7** |
| **DONALD G. ABBEY**,<br><br>Plaintiff.<br><br>-vs-<br><br>**BRENDON KEITH RETZ**,<br><br>Defendant. | Adv No. **05-00018** |

## MEMORANDUM OF DECISION

At Butte in said District this 16th day of November, 2007.

Pending in this adversary proceeding is the Debtor/Defendant Brendon Keith Retz's motion to alter or amend judgment (Docket no. 170) filed on September 14, 2007, together with a supporting memorandum (Docket No. 171). Plaintiff Donald G. Abbey filed an objection, and the matter was set for hearing after notice on November 13, 2007. Defendant was represented at the hearing by attorney Ward E. Taleff of Great Falls, Montana. Plaintiff was represented by attorneys Edward A. Murphy and Michael Black, of Missoula, Montana. Counsel for both sides consented to submit Defendant's motion to alter or amend judgment on the briefs, no further evidence was offered and the Court took Defendant's motion under advisement. After review of

1

Defendant's motion and memorandum and Plaintiff's response, the Court deems this matter ready for decision. For the reasons set forth below Defendant's motion to alter or amend is denied.

Defendant's motion is based upon FED. R. CIV. P. 59, applicable in adversary proceedings pursuant to F.R.B.P. Rule 9023. Defendant contends that the Court reached conclusions in its Memorandum of Decision entered on September 6, 2007 (Docket No. 166), at pages 83-91 and 127-130, for which there is no support in the record and which imply legal obligations or relationships which did not exist. Defendant argues that the Trustee did not lose his interest or stock in the North Forty Resort Corporation, or lose any value, as a result of the asset transfer, and the assets transferred were assets of the corporation not the Defendant so not a "transfer" under *In re Hansen*, 368 B.R. 868 (9th Cir. BAP 2007). Lastly, Defendant argues that there is no evidence that Defendant knew of the "goals" set forth in the memo prepared by the accountant Schulz which the Court relied upon in finding fraudulent intent. As a result of these errors Defendant requests the Court alter or amend the Memorandum of Decision with respect to those conclusions or findings.

Plaintiff objects to Defendant's motion on the grounds Defendant has not moved to amend specific findings under F.R.B.P. 7052 and FED. R. CIV. P. 52(b), has not specified what should be changed in the Judgment, that there are no clear errors in the Judgment, that the transferred corporate assets were estate property under the broad definition of 11 U.S.C. § 541(a)(2)(B) and that corporate shareholders have a vested equitable interest in corporate property, that the sale of corporate assets was a thinly disguised corporate dissolution designed in part to destroy the value of the estate's minority shareholder interest and was done without

providing information requested by the Trustee until after the transfer closed.

 Defendant's motion to alter or amend is limited by its terms to the findings of fact and conclusions of law in this Court's Memorandum of Decision (Docket No. 166) related solely to Count Fourteen, based on 11 U.S.C. § 727(a)(2)(B) and the North Forty Resort Corporation asset sale to North Forty Resort, LLC. The findings of fact related to Count Fourteen are set forth at pages 83 to 91, and the discussion and conclusions of law related to Count Fourteen are set forth at the bottom of page 127 to page 130. Judgment (Docket No. 167) was entered against Defendant denying his discharge under Count Fourteen, and in addition under Counts Nine (11 U.S.C. § 727(a)(4)(A)), Eleven (§ 727(a)(5)), and Thirteen (§ 727(a)(2)(B)).

 Rule 59, FED. R. CIV. P., applicable by F.R.B.P. 9023, provides in pertinent part:

> A new trial may be granted to all or any of the parties and on all or part of the issues . . . (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law, and direct the entry of a new judgment.

Rule 59(e) providing for motions to alter or amend judgment includes motions for reconsideration. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985); *In re Pillard*, 20 Mont. B.R. 445, 450 (Bankr. D. Mont. 2003); 11 Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 2nd § 2810.1.

 In *Brandt v. Esplanade of Central Montana, Inc., et al.*, 19 Mont. B.R. 401, 403 (D. Mont. 2002), the District Court, in affirming this Court's decision, discussed amendment of an order under Rule 59(e): "Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear

error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *School Dist. No. 1J, Mutnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Pillard*, 20 Mont. B.R. at 450. A motion for reconsideration should not be granted if the above test is not met, absent highly unusual circumstances. *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Finally, a Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Pillard*, 20 Mont. B.R. at 450; *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). More recently the Ninth Circuit BAP in *Hansen* wrote that reconsideration under Rules 59(e) and 9023 "is appropriate only if the moving party demonstrates (1) manifest error of fact; (2) manifest error of law; or (3) newly discovered evidence." 368 B.R. at 878; *In re Basham*, 208 B.R. 926, 934 (9th Cir. BAP 1997), *aff'd*, 152 F.3d 924 (9th Cir. 1998) (table).

     Applying the above test to Defendant's motion to alter or amend findings and conclusions with respect to Count Fourteen, the Court concludes that Defendant has failed to satisfy his burden under Rule 59. The pending motion does not allege or show newly discovered evidence, or an intervening change in controlling law. Defendant argues that this Court's findings and conclusions are not supported by the evidence. This Court noted in its Memorandum of Decision at pp. 128-129 that Defendant's 6% stock interest in North Forty Resort Corp. unquestionably was property of the estate, and the sale of corporate assets unquestionably was a disposition of property under *Hansen v. Moore*, 368 B.R. 868, 876 (9th Cir. BAP 2007). Defendant argues that the transfer of corporate property was not a disposition of property of the estate, and that the Trustee ultimately reached a settlement so lost no value. This Court disagrees that the

disposition of substantially all of the corporate assets without the Trustee's knowledge or consent does not fall within the definition of "disposition" under § 727(a)(2)(A) and *Hansen*, but moreover the Court finds that Defendant failed to show "manifest" error of fact or law, and failed to show highly unusual circumstances, as required for reconsideration under Rule 59 and Rule 9023. *Hansen*, 368 B.R. at 878; *389 Orange Street Partners v. Arnold*, 179 F.3d at 665.

**IT IS ORDERED** that a separate order will be issued providing consistent with the above denying the Defendant's motion to alter or amend judgment, filed September 14, 2007 (Docket No. 170).

BY THE COURT

*/s/ Ralph B. Kirscher*
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana